**In Re Anonymous No. 42 D.B. 84**

Disciplinary Board Docket No. 42 D.B. 84.

Report and Recommendations of the
Disciplinary Board of the
Supreme Court of Pennsylvania

To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania:

ELLIOTT, *Chairman,* May 8, 1985—Pursuant to Pennsylvania Rule of Disciplinary Enforcement 208(d), the Disciplinary Board of the Supreme Court of Pennsylvania (board) submits its findings and recommendations to your honorable court with respect to the above-captioned petition for discipline.

## I. SUMMARY OF THE CASE

On May 4, 1984, the Office of Disciplinary Counsel filed a petition for discipline charging that respondent [  ] violated the Disciplinary Rules of the Code of Professional Responsibility. The case in question resulted from the undisputed fact that respondent, [  ] transferred to his own use and possession the sum of $1,852.80 which was the inheritance of [A] as a beneficiary of the estate of [B]. The petition charged violations of D.R.1-102(A)(3) whether the conduct of respondent, under the circumstances, constituted illegal conduct involving moral turpitude; D.R. 1-102(A)(4) whether the conduct of respondent, under the circumstances, involved dishonesty, fraud, deceit or misrepresentation; D.R. 1-102(A)(5) whether the conduct of the

respondent, under the circumstances, was prejudicial to the administration of justice; and D.R. 1-102(A)(6) whether the conduct of the respondent, under the circumstances, adversely reflected upon his fitness to practice law.

The unanimous conclusion of the hearing committee was that the conduct of respondent was in fact prejudicial to the administration of justice and did adversely reflect upon his fitness to practice law. The committee concluded, however, that the conduct of respondent was not illegal conduct involving moral turpitude and was not conduct involving dishonesty, fraud, deceit or misrepresentation. The recommendation of the hearing committee was that the respondent would be subject to public censure by the Supreme Court, without probation.

No exceptions were filed by either party. For the reasons that follow, the board recommends a public censure without probation.

## II. FINDINGS OF FACT

1. Respondent, [   ], is an attorney duly admitted to practice before the Bar of the Supreme Court of Pennsylvania, attorney registration No. [   ], having graduated from The University of [   ] School of Law in 1974.

2. Respondent presently resides at [   ] and is not engaged in the active practice of law but is gainfully employed as director of operations for the [   ].

3. On or about 1978 the respondent was retained as attorney for [C] and [D], co-executrixes of the estate of [B].

4. Respondent properly performed his duties as attorney for the estate which resulted in filing an approval of a second and final account and schedule of proposed distribution on or about December 28,

1978, which was approved by the Orphans' Court of [   ] County on February 5, 1979.

5. On March 1, 1979, respondent forwarded to [A] by Estate Check No. 559, dated February 28, 1979, the sum of $1,852.80, representing her distributive share in the [B] estate.

6. [A] received said check and retained it in her possession but had no intention of cashing it.

7. Either individually or through her sister, [E], [A] communicated to respondent that she did not wish to receive her distributive share of the estate.

8. Although it was never expressly communicated to respondent that [A]'s distributive share was a "gift" to him, it was in fact vaguely communicated to him that he could, in effect, do whatever he thought best with the funds.

9. [A] was and is an eccentric individual, which fact was known to respondent at all relevant times.

10. Respondent transferred the $1,852.80, which represented [A's] distributive share of the [B] estate, to himself by check nos. 1901, 1917, 1938 and 1969, in January through March, 1982.

11. Respondent unreasonably concluded that [A]'s disclaimer of her right to receive her share of the [B] estate entitled him to apply the funds to himself as a gift or fee.

12. The transfer of the funds by respondent to himself was not done as a result of dishonesty, fraud, deceit or misrepresentation but rather as a result of an inexcusable negligence on his part in not fulfilling his responsibilities to his original clients, the co-executrixes of the estate and the other beneficiaries of the estate prior to making any decision as to the ultimate disposition of funds.

13. The conduct of the defendant was prejudicial to the administration of justice in that it was potentially adverse to the interests of his clients and/or to

the interests of the other beneficiaries of the [B] estate.

14. The conduct of the respondent reflects adversely upon his fitness to practice law in that it represents an inexcusable negligence and failure to act consistently with the best interests of his clients.

## III. DISCUSSION

The hearing committee had the opportunity to observe [A] and [respondent] personally as they testified concerning this incident. The committee was unanimously of the opinion, based upon the testimony of these individuals and based upon all the circumstances, that it was in fact communicated to respondent that [A] did not wish to have her distributive share of the [B] estate.

The facts within respondent's knowledge, however, would definitely have made it clear to him at that time that [A] was indeed quite eccentric. Although it is believed he was, under the circumstances, justified to conclude that she did not wish to receive her distributive share, his responsibilities to his clients, the executrixes of the estate, and to the other beneficiaries of the estate, required that he take further action.

At that point, respondent should have specifically advised [A] in writing that he would treat her refusal to accept the funds as a relinquishment of her inheritance unless the check was cashed promptly. He should simultaneously have advised his clients and attempted to obtain a more definitive indication from [A] whether in fact her intention was to make a gift to him or to anyone else. The fact that [A] never attempted to cash the check and never took any definitive action until after the matter was brought to her attention by the Disciplinary Board is clearly in-

dicative of her attitude in the matter. Moreover, the hearing committee, having observed [A] was satisfied that she, while eccentric, was also competent to make decisions for whatever reason she may desire, as to the monies to which she was entitled.

The board is satisfied that respondent did not act dishonestly or illegally in distributing the funds to himself. Moreover, the circumstances behind this case involve the bitter breakup of a law firm which resulted in respondent's former partner reporting him to the Disciplinary Board. This committee, based upon its collective knowledge and experience, believes that errors of the type committed by respondent, when uncovered among colleagues, result in corrective action being taken and appropriate internal discipline effectuated without the resort to the Disciplinary Board. This is believed particularly true in a case, such as this, where no complaint is made by the involved clients.

## IV. CONCLUSIONS OF LAW

Based upon the aforementioned findings, the board concludes, as a matter of law, as follows:

1. The conduct of defendant did not constitute a violation of D.R. 1-102(A)(3).

2. The conduct of defendant did not constitute a violation of D.R. 1-102(A)(4).

3. The conduct of defendant did not constitute a violation of D.R. 1-102(A)(5).

4. The conduct of respondent did not constitute a violation of D.R. 1-102(A)(6).

## V. RECOMMENDATIONS

The board respectfully recommends to your honorable court that respondent be subjected to public

censure by the Supreme Court, without probation, pursuant to Pennsylvania Rules of Disciplinary Enforcement, Rule 204(A)(3). The board further recommends costs are to be paid by respondent.

Mrs. Hammerman, Mrs. Neuman and Mr. Douglas dissent and would recommend a private reprimand.

Mr. Helwig abstained and Mr. McDonald did not participate in the adjudication.

## ORDER

And now, this June 26, 1985, following the entry of the order of the Supreme Court dated June 11, 1985, it is ordered and decreed, that respondent of [ ] County be subjected to private reprimand by The Disciplinary Board of the Supreme Court of Pennsylvania as provided in Rule 204(5) of the Pennsylvania Rules of Disciplinary Enforcement at the next session of this board. Costs are to be paid by respondent.